FILED by ____ D.C.
ELECTRONIC

**April 21, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO.:

**JUAN CARLOS ALVAREZ,**
and other similarly-situated individuals,

**09-21050-CIV-KING/BANDSTRA**

      **Plaintiff,**

**vs.**

**HEBREW HOMES HEALTH NETWORK, INC.;**
**RUSSELL GALBUT**
      **Defendant.**

_____/

### <u>COMPLAINT</u>

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, JUAN CARLOS ALVAREZ and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

1

3. Defendant, HEBREW HOMES HEALTH NETWORK, INC. ("HEBREW"), is a Florida corporation and a Florida resident, respectively, having their main place of business in Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendants reside in Dade County, Florida.  Defendant Russel Galbut "GALBUT" individual is a resident of Dade County.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION

## AGAINST HEBREW & GALBUT

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint,

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **nursing and rehabilitation service provider** company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

3

affects interstate commerce. Plaintiff was employed by Defendant as a **DISHWASHER** for the Defendant's business.

8. While employed by Defendant, Plaintiff worked an average of **42.5 (Forty-two and a half)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed. Plaintiff was employed as a **dishwasher** personnel performing the same or similar duties as that of those other similarly-situated **dishwasher** personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

9. Plaintiff was paid an average of **$9.20** an hour from **August 26, 2003** through **September 17, 2008** but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

10. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

4

4 of 9

and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

11. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

12. At the times mentioned, Defendant GALBUT was, and is now, the Director and/or owner of Defendant HEBREW. Defendant GALBUT, was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant GALBUT had operational control of the business, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

13. Defendant HEBREW willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

5

above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

14. Plaintiff has retained the law offices of the undersigned attorney to represent her/him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants HEBREW & GALBUT on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: HEBREW FEDERAL STATUTORY VIOLATION: RETALIATORY

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

6

## DISCHARGE OF

## JUAN CARLOS ALVAREZ PURSUANT TO 29 U.S.C. 215(A)(3).

15.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

16.   Defendants fired Plaintiff on or about **September 17, 2008**.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

17.   On or about September of 2008, Plaintiff complained about overtime wages to the Defendant and in that same month the Defendant fired Plaintiff.

18.   The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaint for overtime wages.

19.   The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **JUAN CARLOS ALVAREZ** requests that this Honorable Court:

A.   Enter judgment against the Defendant HEBREW for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

9

B.   Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C.   Plaintiff demands a trial by jury as to each count of this complaint.

Dated: 4-20-09

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
BISCAYNE CENTRE
11900 Biscayne Boulevard
Suite 288
North Miami, Florida 33181
Tel.  (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**

BISCAYNE CENTER
11900 Biscayne Boulevard, Suite 288
North Miami, FL 33181
Telephone: (305)416-5000 Facsimile: (305)416-5005

8

# 09-21050-CIV-KING/BANDSTRA

Case 1-09-cv-KING/B... Document 4 Entered on FLSD Docket 04/21/2009 Page 9 of 9  ...TS    D.C.

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of C the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Ca**

ELECTRONIC

**April 21, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS

Juan Carlos Alvarez

**(b)** County of Residence of First Listed Plaintiff ___Dade___
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

Hebrew Ibns Health
Russell Galbut

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  [X] MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

[X] 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

Miami 09cv21050 King

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
[X] 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN    (Place an "X" in One Box Only)

[X] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES [X] NO    b) Related Cases ☐ YES [X] NO

JUDGE                      DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

29 USC 201-219     FLSA

LENGTH OF TRIAL via __3__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE   4-20-09

FOR OFFICE USE ONLY
AMOUNT  $350.00   RECEIPT # 999431

04/21/05